Catron, Ch. J.
delivered the opinion of the court'.
This action is' brought for bacon sold and delivered. Was the demand paid and satisfied by the delivery, and' receipt, inpayment, of the bank notes? The notes were' supposed to be of specie value, when passed, by both parties; in which,' however, they were mistaken; the paper being of little or no value. It is insisted for Scruggs, that it stood on the footing of forged and counterfeit bank paper, and the delivery of it to him had no effect as a payment of his original demand, more than if a counterfeit note had been, through mistake, transferred in a supposed discharge of the debt; and that the case falls within that of Markle vs. Hatfield, 2 John. Rep. 455.
The effect of a payment in counterfeit paper, or counterfeit coins, both parties being innocent, is not presented for decision, and will not be discussed. It is not this case, where the paper was what it purported to be upon its face, promissory notes by a corporation, and the mistake Consisted in the supposed ability to pay on part of the corporation. We are inquiring whether the payment was void or valid; it must be considered the one or the other; *177 we are of opinion, the mere proof that the hank had failed generally to redeem its paper, and that such paper had, in consequence,.greatly or wholly depreciated in value, is anin-sufficient ground to pronounce void the payment. The rule laid down by Starkie, in his Treatise on Evidence, 2 vol. 186 (Philad. ed. 1834), is the true doctrine on the subject; that if a party agree to take the notes of a third person, payable to bearer, as money, absolutely, and without condition, and they are what they purport to be, they operate as a satisfaction of the debt, though the maker he insolvent. It would be otherwise, if the notes were not what -they purported to be, but forged. The case is stronger when bank notes are paid "as cash, unconditionally; and such was the case of Cawridge vs. Allenby, 6 Barn and Creswell 373. Where A. paid notes of the Hudersfield Bank to B. at York, at three in the afternoon of the 10th, in payment of goods; the bank having stopped payment at eleven o’clock of the forenoon of the same day, hut neither party knew of the stoppage or insolvency; and B. neither circulated the notes nor presented them, hut afterwards required A. to take them back, and pay him the amount: It was held, the debt was satisfied. Com. L. Rep. 201.
To adopt a different rule, would end in much litigation and confusion. If Scruggs could recover from Gass, the, latter, of course, could have his remedy against the person!^ from whom he received the paper; and by this means, it1 would be traced back by suits, to the holder at the period when the bank refused specie payment. And if insolvency of the bank would authorize the recovery on the original demand, no reason is perceived why, by the same rule, partial inability to pay, on the part of the corporation, would not authorize a partial recovery for the amount the bank notes were worth less than specie in the market; a rule which, if adopted, would threaten endless strife and litigation.
This court does not say, but that Scruggs might have *178 av0Ided the effect of the payment m the bank notes, by having presented them to the bank tor payment, and on re~ fusal, notified Gass of the fact. Generally, a transfer, by delivery, of an individual note, payable to bearer, without endorsement, where made for a pre-existing debt, imposes on the person malting the transfer, the same liabilities resting on an endorser, as between the immediate parties; but then, lie who receives the paper is bound to the same diligence as an endorser, to make demand, and give notice of a failure to pay on part of the maker. Chitty 142. That there is any legal distinction between the notes of individuals, and those of corporations for banking purposes, it is difficult to maintain. The supreme court of New York, in Markle vs. Hatfield, above cited, thought there was none; yet no such question is raised in this cause, and no adjudication called for on the point. The ground on which this recoveryis sought, notbeing demand and notice, but evidence that the notes had lost their value as cash in the market, because of the belief with the community, that the banking association who issued the notes could not, or would not pay them on presentation; and on which evidence, knowledge and fraud aside, we think no recovery can be had, and that the judgment must be affirmed.
Judgment affirmed.